UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HUGH GRAVES,                )
                            )
          Petitioner,       )
                            )
   v.                       )   No.  4:04CV402 TIA
                            )
TROY STEELE,[1]             )
                            )
          Respondent.       )

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Hugh Graves for a writ of habeas corpus under 28 U.S.C. § 2254.  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Procedural History**

Petitioner, Hugh Graves, is presently incarcerated at the Southeast Correctional Center located in Charleston, Missouri, pursuant to the sentence and judgment of the Circuit Court of the City of St. Louis, Missouri.  On January 16, 2002, after a trial by jury, Petitioner was convicted of one count of first degree assault and one count of armed criminal action.  State v. Graves, 103 S.W.3d 792 (Mo. App. 2003); (Resp. Exh. B, p. 142)  On March 22, 2002, the court sentenced him to consecutive prison terms of 16 years for the first degree assault conviction and 5 years for the armed criminal action conviction.  State v. Graves, 103 S.W.3d 792 (Mo. App. 2003); (Resp. Exh. B, pp. 153-155)

---

[1]   This case was originally brought against Chuck Dwyer, who is no longer the Superintendent of the Southeast Correctional Center (SCC) where Petitioner is confined.  Because Troy Steele is now the Superintendent of SCC, the caption will reflect his name as the proper party respondent.  28 U.S.C. § 2254, Rule 2(a).

Petitioner filed a direct appeal, and on February 18, 2003, the Missouri Court of Appeals affirmed the judgment. State v. Graves, 103 S.W.3d 792 (Mo. App. 2003). On April 2, 2004, Petitioner filed the instant Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus in federal court. Respondent filed his Response to Order to Show Cause on June 1, 2004.

### **Petitioner's Claims**

In his Petition, Mr. Graves raises two claims for federal habeas relief:

(1)  The trial court abused its discretion in allowing Angie Chandler and Terrance McCain to testify as rebuttal witnesses; and

(2)  The trial court erred and abused its discretion in overruling Petitioner's objection to the prosecutor's closing argument that "[b]ut by the grace of God we're not in here on a homicide."

### **Claim One**

Petitioner first claims that the trial court abused its discretion in permitting Angie Chandler and Terrance McCain to testify as rebuttal witnesses. Specifically, Petitioner argues that the State did not use Chandler's testimony to specifically refute anything stated by defense witnesses, and McCain's testimony merely reiterated his prior testimony given during the State's case in chief. The Respondent contends that this claim is without merit, as the state court's admission of this rebuttal testimony did not violate Petitioner's constitutional rights.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. (quoting 28

2

U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record). Further, "[t]he admissibility of evidence in a state trial is a matter of state law, and thus [the court] will grant habeas relief only if the state court's evidentiary ruling 'infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process.'" Palmer v. Clarke. 408 F.3d 423, 436 (8th Cir. 2005) (quoting Clark v. Groose, 16 F.3d 960, 963 (8th Cir. 1994)).

In the instant case, Petitioner raised this claim in his direct appeal. The Missouri Court of Appeals thoroughly addressed his argument and found:

> Defendant argues in his first point that the trial court abused its discretion by permitting Angie Chandler ("Officer") and Terrance McCain ("Employee") to testify as rebuttal witnesses for the state. He claims that by allowing these witnesses to testify, the court improperly bolstered the state's case and prejudiced his defense in contravention of his federal and state constitutional rights to due process, to present a defense, and to a fair trial. See U.S. CONST. amends. V, VI, XIV; MO. CONST. art. I sections 10, 18(a).
> 
> …
> 
> Defendant argues that the trial court erred in admitting Officer's testimony because the state failed to lay a proper foundation for impeachment. The scope of rebuttal testimony lies within the trial court's broad discretion, and we will not disturb its ruling absent an abuse of discretion. See State v. Jackson, 918 S.W.2d 266, 269 (Mo. App. 1996). The general rule is that any competent testimony tending to explain or disprove evidence offered by the defendant is proper for rebuttal. Id.
> 
> …
> 
> Rebuttal testimony is proper where a collateral issue is "first

3

tendered by the defense in direct examination or is volunteered on cross-examination." State v. Primers, 971 S.W.2d 922, 930 (Mo. App. 1998). Defendant's witness proffered the statement "I never had any conversation with the police at all" on cross-examination after he was asked whether he went to the police to tell them what he knew. The state was entitled to rebut this testimony with Officer's testimony to the contrary. Furthermore, foundation is not required for the state to offer rebuttal testimony that contradicts statements presented by a defense witness. See State v. Dale, 874 S.W.2d 446, 452 (Mo. App. 1994).

Defendant further objects to the state's presentation of rebuttal testimony by Employee, which he contends improperly bolstered the state's case. He claims that Employee's testimony was admitted without a proper foundation for impeachment and that Employee's rebuttal testimony merely reiterated the statements he made on the state's behalf during its case-in-chief. …

…

Rebuttal testimony is not improper solely because it could have been or was admitted by the state in its case in chief. See State v. Arnold, 859 S.W.2d 280, 282 (Mo. App. 1993); State v. Piphus, 749 S.W.2d 26, 27 (Mo. App. 1988). When testifying fo the ste in its case in chief, Employee stated that when Defendant was asked to throw away his bottle as he left the lounge that night, he hassled Employee and the owner before finishing his beer and throwing the bottle away. Girlfriend then testified that Defendant was cooperative, complied with Employee's request about the bottle, and did not cause any problems on his way out of the lounge. The state recalled Employee for rebuttal, and he contradicted Girlfriend's testimony and characterized Defendant's demeanor upon exiting the lounge as "argumentative."

Employee's testimony on rebuttal did not reiterate verbatim what he said during the state's case in chief. His rebuttal testimony focused solely on Defendant's disposition instead of merely providing a description of the events as he had during his initial testimony. Employee's rebuttal testimony served the purpose of contradicting Girlfriend's account of Defendant as cooperative with Employee's observation that Defendant was argumentative.

"Evidence admissible in the state's case in chief and evidence

> admissible in rebuttal are not mutually exclusive categories." State v. Caldwell, 695 S.W.2d 484, 487 (Mo. App. 1985). Moreover, even if the testimony presented by Employee was partially repetitive of his previous statements, its admission did not constitute an abuse of discretion. See Piphus, 749 S.W.2d at 27. Defendant's first point is denied.

(Resp. Exh. E, pp. 2-7)

The undersigned finds that the state court's determination that the trial court did not abuse its discretion in allowing the rebuttal testimonies of Ms. Chandler and Mr. McCain was not contrary to, nor an unreasonable application of, federal law. As previously stated, admissibility of evidence is a matter of state law, and this Court may grant habeas relief only if the state court's evidentiary ruling infringes upon a specific constitutional right or is so prejudicial that it denies the petitioner of his right to due process. Palmer v. Clarke. 408 F.3d 423, 436 (8th Cir. 2005). To raise a federal issue, Petitioner must demonstrate that the alleged errors were "'so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair.'" Garcia v. Mathes, 474 F.3d 1014, 1017 (8th Cir. 2007) (quoting Rousan v. Roper, 436 F.3d 951, 958-59 (8th Cir. 2006)).

Review of the record and the state court's determination reveals that the trial court's admission of the rebuttal witness' testimonies was not so egregious that it fatally infected the trial and rendered it fundamentally unfair. Instead, the state court relied upon sound law to determine that such testimonies properly contradicted the defendant's evidence. As Respondent properly states, "'[t]he function of rebuttal is to explain, repel, counteract or disprove evidence of the adverse party.'" United States v. Azure, 845 F.2d 1503, 1508 (8th Cir. 1988) (quoting United States v. Luschen, 614 F.2d 1164, 1170 (8th Cir. 1980)). The record demonstrates that the testimonies of witnesses Chandler and McCain did exactly that – it explained, repelled, counteracted, and/or disproved

5

Petitioner's evidence.² (Resp. Exh. A, pp. 323-336) Therefore, Petitioner's first claim for habeas relief is denied.

**Claim Two**

Petitioner next claims that the trial court abused its discretion in overruling Petitioner's objection to the prosecutor's closing argument that "by the grace of God we're not in here on a homicide." The Missouri Court of Appeals addressed this claim and found:

> Attorneys are allowed wide latitude in closing argument, and the trial court has broad discretion when ruling on objections during closing argument and when determining whether a particular statement is prejudicial to the defendant. State v. Francis, 60 S.W.3d 662, 671 (Mo. App. 2001). We will not disturb the trial court's ruling unless it amounted to an abuse of discretion that prejudiced the defendant. Id.
>
> A prosecutor's statements during closing argument "must be plainly unwarranted and clearly injurious to the accused" to constitute an abuse of discretion. Id. Under this standard, even irrelevant or otherwise improper remarks by a prosecutor during closing argument will not necessarily require reversal of a conviction. *See* id.; State v. Ozier, 961 S.W.2d 95, 98 (Mo. App. 1998).
>
> In the instant case, the prosecutor's closing argument included the following remarks:
>
>> [Prosecutor:] Let's call this exactly what it is. This is an assault in the first degree and it's an armed criminal action. That man was fired up at that bar, and when [the victim] came out, he took his weapon out, his deadly weapon, and he shot that man three times. But by the grace of God, we're not in here on a homicide.
>>
>> [Defense counsel:] Objection. Improper argument.

---

² Mr. Young and Ms. Griffin testified on behalf of Petitioner at trial. (Resp. Exh. A, pp. 277-323)

6

> The Court: Overruled
>
> [Prosecutor:] One bullet in his neck, his side, his groin area. Yeah, you were attempting to kill somebody. You take a gun and shoot somebody that many time, that close of range, yeah, you want to take them out. That's what we have here. We have an attempt to kill or cause serious physical injury. You shoot somebody, they're going to be hurt.
>
> The victim testified that he had been shot in his neck, side, and groin. He stated that doctors could not remove the bullets for fear of causing additional injuries to him. As a result, the three bullets are still inside his body. He can feel the bullets moving around in his neck, and he testified that his side hurts sometimes because of the bullet lodged there.
>
> The prosecutor's statements merely reflected on the nature of the victim's injuries. A prosecutor is permitted to refer to facts not before the jury insofar as the extraneous facts do not imply special knowledge of evidence conveying the defendant's guilt. State v. Jones, 7 S.W.3d 413, 419 (Mo. App. 1999). Furthermore, "[i]t is proper for counsel to argue to the jury matters of common knowledge." Id.
>
> We also agree with the state's contention that the prosecutor's statement went toward proving Defendant's *mends rea* for the assault charge. A person commits first degree assault "if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Section 565.010.1. When viewed in context, it is evident that the prosecutor's statement served to draw the jury's attention to the seriousness of the injuries the victim received.
>
> The prosecutor's statement referencing homicide during closing argument was not improper, and the trial court did not commit an abuse of discretion in overruling Defendant's objection to it. Defendant's second point is denied.

(Resp. Exh. E, pp. 7-8)

The undersigned finds that the determination by the Missouri Court of Appeals was not

contrary to, nor an unreasonable application of, Supreme Court precedent. "A prosecutor's argument violates due process if the prosecutor's remarks 'infected the trial with unfairness.'" Hall v. Luebbers, 341 F.3d 706, 716 (8th Cir. 2003) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)). Indeed, habeas relief is warranted only where "the state's 'closing argument was so inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared a mistrial.'" Id. (quoting Sublett v. Dormire, 217 F.3d 598, 600 (8th Cir. 2000)). In order to determine whether remarks by the prosecution infected the trial with unfairness, this court must "'(1) measure the type of prejudice that arose from the argument; (2) examine what defense counsel did in his argument to minimize prejudice; (3) review jury instructions to see if the jury was properly instructed; and (4) determine if there is a reasonable probability that the outcome . . . would have been different.'" Id. (quoting Antwine v. Delo, 54 F.3d 1357, 1363 (8th Cir. 1995) (citation omitted)).

In the instant case, Petitioner has failed to demonstrate that the State's remark, "[b]ut by the grace of God, we're not in here on a homicide" rendered the trial fundamentally unfair. First, the statement was not prejudicial because it was accurate. Petitioner shot the victim three times, hitting him in the neck, side, and groin, which increased the likelihood of a fatal wound. (Resp. Exh. A, pp. 205-206, 234, 256-257) As the victim testified, he still had three bullets inside if him and scars on his neck, side, and groin area. (Resp. Exh. A, p. 257) In addition, the victim and other witnesses identified Petitioner as the shooter. (Resp. Exh. A, pp. 205, 234, 256) Further, Petitioner's attorney objected to said argument as improper, and the court overruled the objection. (Resp. Exh. A, p. 377) However, the court did instruct the jury that the attorneys' "arguments are intended to help you in understanding the evidence and applying the law, but they are not evidence." (Resp. Exh. B, p. 133)

Finally, and most important, Petitioner has made no showing that, absent this comment,

8

"'there is reasonable probability that error complained of affected the outcome of the trial – i.e., that absent the alleged impropriety, the verdict probably would have been different.'" King v. Bowersox, 213 F. Supp. 2d 1026, 1034 (E.D. Mo. 2001) (quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir. 1987)). As previously stated, the evidence, including eyewitness testimony, clearly demonstrated that Petitioner was guilty of first degree assault and armed criminal action. Thus, the prosecutor's remark was not improper, and the trial court did not err or abuse its discretion in overruling the objection to said comment. The undersigned thus finds that the state court's decision was not contrary to or an unreasonable application of Supreme Court precedent. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). Therefore, Petitioner's second ground for habeas relief is also denied.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Hugh Graves for a writ of habeas corpus be **DISMISSED** without further proceedings.

**IT IS FURTHER ORDERED**, pursuant to Section 2253 and Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), that no certificate of appealability shall issue from this Court.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of August, 2007.